Dear Mayor Penn:
This office is in receipt of your request wherein you made the following inquiries:
 1. Is it legal to reduce a moving violation (i.e. a speeding citation) to a nonmoving violation (i.e. amended to driving without a valid inspection certificate)?
 2. If this is legal, can the individual requesting his citation be amended to a nonmoving violation, be charged an "administration fee" for this service?
 3. Are the guidelines that need to be adhered to if a moving citation can be amended to a nonmoving violation (e.g. That the individual have no previous traffic violations on his/her record)? That the speed was not excessive? Etc.
 4. If reduction to a nonmoving violation is legal, must the fine that would have been charged on the original moving violation also be reduced to match the fine assessed on the nonmoving violation (e.g. The fine for a speeding ticket costs $190.50, but if this is amended to driving without a valid inspection sticker, and the fine for this is $25.00, would the fine be reduced from $190.50 to $25.00)?
Absent express written authority in the ordinances governing the Village of Bonita, the "presiding officer" of the mayors court (i.e. the mayor or other duly appointed magistrate) may not reduce a moving violation (i.e. a speeding citation) to a nonmoving violation (i.e. driving without a valid inspection sticker) or any other charge. The mayor is the "presiding official" of mayor's court and serves in the capacity as a judge. See La. R.S. 33:441. A judge does not have the power to unilaterally amend criminal charges. The function of the mayor in his capacity as the presiding official of mayor's court is to be a neutral decision maker, and as such, cannot amend charges. Code of Jud. Conduct, Canon 3, 8 La. R.S. *Page 2 
Furthermore, absent an express, written directive to the contrary contained within the ordinances of the Village of Bonita, the prosecuting attorney is the only person who may amend a criminal charge. Such discretion is given to the prosecuting attorney in La. Code Crim. P. art. 61, which states, "Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute." By analogy, the same control and authority over each case prosecuted that is held by a district attorney would be found in a prosecutor in mayor's court, notwithstanding a contrary expression of the law in the Village of Bonita's ordinances.
In conclusion, this office is of the opinion that the mayor, in his capacity as judge of mayor's court, does not have the authority to amend any criminal charges. More specifically, the presiding official of the mayor's court may not lawfully reduce a moving violation to a nonmoving violation. Consequently, the remaining three inquiries need not be addressed in this opinion.
 Very truly yours,
 CHARLES C. FOTI, JR
 ATTORNEY GENERAL
 BY:________________________
 STEPHEN MARTIN
 ASSISTANT ATTORNEY GENERAL